**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| KATIE DAWN SAVAGE,<br><br>Plaintiff,<br><br>v.<br><br>SGOK HOLDINGS, LLC d/b/a SOUTHERN GLAZER'S WINE AND SPIRITS; SOUTHERN GLAZER'S WINE AND SPIRITS, LLC, and JOHN DOES 1–10,<br><br>Defendants. | ) | Case No. CIV-26-1592-D |

**ORDER**

Before the Court is Defendants' Partial Motion to Dismiss [Doc. No. 8], filed by SGOK Holdings, LLC d/b/a Southern Glazer's Wine and Spirits and Southern Glazer's Wine and Spirits, LLC.[1] Plaintiff filed a Response [Doc. No. 10], to which Defendants filed a Reply [Doc. No. 13]. The matter is fully briefed and at issue.

**Factual and Procedural Background**

Plaintiff is a female former employee of Defendants who claims she suffered sex discrimination in the form of a hostile work environment and retaliation for reporting discrimination concerns. She filed a timely charge of discrimination with the EEOC and, after receiving notice of her right to sue, filed this case under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a). Plaintiff contends, in relevant part, that she was

[1] Plaintiff also names John Does 1–10 as defendants in her Complaint. [Doc. No. 1, at p. 2, ¶ 9]. In their Partial Motion to Dismiss, Defendants do not move to dismiss claims against John Does 1–10. [*See* Doc. No. 8].

subjected to a hostile work environment by her male supervisor, Mr. Rankin, through excessive communications, unwelcome personal questioning, uninvited home visits, and threats of discipline. [Doc. No. 1, at p. 14, ¶ 129]. Plaintiff further alleges that when she reported Mr. Rankin's conduct, Defendants retaliated against her by subjecting her to increased scrutiny, false performance accusations, threats, and termination. *Id.*, at p. 15-16, ¶¶ 140-45, 153-54.

Defendants filed a partial motion to dismiss challenging the sufficiency of Plaintiff's pleadings. [Doc. No. 8]. As to hostile work environment (Counts II and V), Defendants argue that Plaintiff's allegations rest on "conclusory, undetailed allegations" about Mr. Rankin's conduct. *Id.*, at p. 6. Defendants further argue that in her retaliation claims (Counts III and IV), Plaintiff failed to adequately plead opposition to unlawful conduct. *Id.* at p. 12. In response, Plaintiff argues that she has stated plausible claims for a hostile work environment and retaliation under Title VII. [Doc. No. 10].

## Standard of Decision

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. In assessing

plausibility, a court should first disregard conclusory allegations and "next consider the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief" under the legal theory proposed. *Id*. at 681; *see Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007).

**Discussion**

**A. Hostile Work Environment**

To sufficiently plead a hostile work environment claim, a plaintiff must allege:

> (1) the plaintiff is a member of a protected group; (2) the plaintiff was subjected to unwelcome harassment; (3) the harassment was based on the protected characteristic…; and (4) the harassment was sufficiently severe or pervasive to alter a term, condition, or privilege of the plaintiff's employment and created an abusive working environment.

*Asebedo v. Kansas State Univ.*, 559 F. App'x 668, 670 (10th Cir. 2014). "[W]hether particular conduct was indeed unwelcome presents difficult problems of proof and turns largely on credibility determinations committed to the trier of fact." *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 68 (1986). "Severity and pervasiveness are evaluated according to the totality of circumstances . . . considering such factors as the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Chavez v. New Mexico*, 397 F.3d 826, 832 (10th Cir. 2005) (internal quotation omitted) (citing *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993)).

Defendants argue that Plaintiff has failed to sufficiently allege the second and fourth factors of a hostile work environment claim. Defendants assert that there is no factual basis

for "unwelcome harassment" because the Complaint "never alleges the actual content of Mr. Rankin's calls, texts, emails, or home visits." [Doc. No. 8, at p. 5]. Defendants further argue the Complaint fails to allege "severe or pervasive harassment" but, instead, alleges conduct that is "entirely conclusory and devoid of factual detail." *Id.*, at p. 6.

Upon consideration, the Court finds that Plaintiff has not sufficiently alleged severe or pervasive harassment. Plaintiff has failed to allege, among other facts, how many times Mr. Rankin came to her home uninvited, what happened when he arrived at her home, the contents of Mr. Rankin's unwelcome personal questions, how many times Mr. Rankin contacted her personal phone and significant other's phone, and what was communicated during the phone calls, texts, emails, and voicemails. Thus, Defendants' motion to dismiss is granted on this point. However, Plaintiff may be able to supplement the allegations of her Complaint to sufficiently state a hostile work environment claim, and the Court grants Plaintiff leave to file an amended complaint to address this deficiency.[2]

**B. Retaliation**

To sufficiently plead a Title VII retaliation claim, a plaintiff must allege that "(1) she engaged in protected opposition to Title VII discrimination; (2) she suffered an adverse employment action; and (3) there is a causal connection between the protected activity and the adverse employment action." *Meiners v. Univ. of Kansas*, 359 F.3d 1222, 1229 (10th

---

[2] Defendants also note that Plaintiff has incorrectly identified them: "Defendant SGOK Holdings, LLC, is a subsidiary of Southern Glazer's Wine and Spirits, LLC, and was Plaintiff's employer. Southern Glazer's Wine and Spirits of Oklahoma LLP operated the distribution center in which Plaintiff worked." [Doc. No. 8, fn 1]. Therefore, Plaintiff is directed to correctly identify Defendants in any amended pleading.

Cir. 2004). To show she engaged in a protected activity, a plaintiff does not need to show she "reported an actual Title VII violation." *Fassbender v. Correct Care Sols., LLC*, 890 F.3d 875, 890 (10th Cir. 2018). Rather, a plaintiff must only show "a reasonable good-faith belief that she was opposing discrimination." *Id.* (internal quotation omitted).

Defendants argue that Plaintiff has failed to plead the first factor of a Title VII retaliation claim: "that she was engaged in protected activity." [Doc. No. 8, at p. 13]. Defendants assert that Plaintiff's "generalized complaint about a supervisor's 'conduct' or vague 'concerns' about being treated unfairly is not sufficient." *Id.*, at p. 12.

After careful review, the Court finds that Plaintiff's factual allegations are minimally sufficient to state a plausible claim of Title VII retaliation. Plaintiff alleges that in October 2024, she first reported Mr. Rankin's conduct to a superior, including his excessive communications and unannounced visits to Plaintiff's home. [Doc. No. 1, at p. 8, ¶¶ 57-58]. Plaintiff further alleges that in February 2025, she "discussed her discrimination, harassment, and retaliation concerns with Human Resources Director Laurie Pyle," and in March 2025, she reported "harassment" and "stalking-like conduct" to corporate leadership. *Id.*, at pp. 11-12, ¶¶ 93, 101-02. Therefore, Plaintiff has sufficiently pled a "reasonable good-faith belief that she was opposing discrimination." *Fassbender,* 890 F.3d at 890. Defendants' motion for dismissal of Counts III and IV is denied.

**Conclusion**

For these reasons, the Court finds that Plaintiff has sufficiently alleged a Title VII retaliation claim (Counts III and IV) but has failed to allege a hostile work environment claim (Counts II and V).

**IT IS THEREFORE ORDERED** that Defendants' Partial Motion to Dismiss [Doc. No. 8] is **GRANTED in part** and **DENIED in part**, as set forth herein. Plaintiff may amend her Complaint within 21 days of the date of this Order. Should Plaintiff fail to amend her Complaint within 21 days, Counts II and V will be deemed dismissed without prejudice.

**IT IS SO ORDERED** this 24th day of November, 2026.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE